**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN A. FABRICIUS, II,

        Plaintiff - Appellant,

  v.

MARICOPA COUNTY; et al.,

        Defendants - Appellees.

No. 09-16763

D.C. No. 2:06-cv-01105-MHM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding

Submitted October 19, 2010[**]

Before:    O'SCANNLAIN, LEAVY, and TALLMAN, Circuit Judges.

    John A. Fabricius, II, a pre-trial detainee, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging a First

Amendment violation based on the playing of holiday music, the denial of his due

process rights during a disciplinary hearing, and the denial of his right to access the

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

courts.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Inouye v. Kemna*, 504 F.3d 705, 711 (9th Cir. 2007).  We affirm.

The district court properly granted summary judgment on the Establishment Clause claim because Fabricius failed to raise a genuine issue of material fact as to whether the playing of holiday music had a secular purpose or whether it had the principal or primary effect of advancing religion.  *See Lemon v. Kurtzman*, 403 U.S. 602, 612-13 (1971) (setting forth test for Establishment Clause violations).

The district court properly granted summary judgment on the due process claim because Fabricius failed to raise a genuine issue of material fact as to whether he was afforded the protections outlined in *Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974).  Morever, the record supports defendant Fisher's decision not to call witnesses at the disciplinary hearing.  *See id.* at 566 (prison officials may refuse to call witnesses based on "irrelevance, lack of necessity, or the hazards presented in individual cases").

The district court properly granted summary judgment on the access-to-courts claim because Fabricius failed to establish that defendant Mangan "personally participated in or directed a violation."  *James v. Rowlands*, 606 F.3d 646, 653 n.3 (9th Cir. 2010); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (there is no supervisory liability in section 1983 actions).

09-16763

We have considered the remaining issues that Fabricius raises on appeal and conclude that his contentions are unpersuasive.

**AFFIRMED.**